UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 1:23-cv-1 SNLJ |
| ) | |
| ) | |
| LLOYD'S PLACE LLC d/b/a LLOYD's ) | |
| PLACE, STACEY L. COOK, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM and ORDER

This matter was set for trial on June 3, 2024.   Plaintiff filed a motion for judgment ton the pleadings [Doc. 33] on May 24, 2024.   This Court vacated the trial date pending a ruling on plaintiff's motion and granted the defendants 21 days to respond to the motion.   The time for responding has now passed, and no response has been filed.

Plaintiff Joe Hand Promotions, Inc. ("JHP") specializes in distributing and licensing sporting events to commercial locations such as bars, restaurants, lounges, clubhouses and similar establishments. JHP held the exclusive commercial distribution rights to the broadcast of Ultimate Fighting Championship ® 246: Conor McGregor v. Donald "Cowboy" Cerrone on January 18, 2020 (the "Program").

1

Defendant Lloyd's Place, LLC, was an establishment in operation on the date of the Program. Defendant Stacey L. Cook was an officer, director, shareholder, member and/or principal of Lloyd's Place, and he also owned and operated the establishment.

Plaintiff brought this action under the Communications Act of 1934, as amended, 47 U.S.C. § 605, and the Cable and Television Consumer Protection and Competition Act of 1992, as amended, 47 U.S.C. § 553.

## I. Liability

Plaintiff entered into agreements with various commercial establishments in Missouri that, in exchange for a fee, allowed them to exhibit the Program to their patrons. In consideration of the aforementioned agreements, plaintiff marketed, advertised, promoted, administered, and transmitted the Program broadcast to those establishments.

Defendants here admit they did not contract with plaintiff to obtain authorization to exhibit the Program in their establishment. Defendants further admitted that they paid their cable provider, Charter Communications, a fee to receive and view the program, but they did not pay a fee to plaintiff to obtain a license of authorization.

## II. Willfulness

In addition to the damages set forth in § 605(e)(3)(C)(i)(II), § 605(e)(3)(C)(ii) grants the court discretion to award up to $100,000 in enhanced statutory damages per violation where the court determines that the violation was willful and committed for the direct or indirect commercial advantage or private financial gain. The Supreme Court has defined "willful" as "marked by careless disregard for whether or not one has the right so

to act." *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 126-127 (1985). By virtue of defendants' admission that it broadcast the Program, defendants have admitted that the illegal broadcast of the Event was willful and committed for the direct or indirect commercial advantage or private financial gain. Even absent the defendants' admissions, courts have generally held that the interception of an encrypted pay-per-view program for broadcast in a commercial establishment that is open to the public is willful and for financial advantage. *Time Warner Cable v. Googies Luncheonette, Inc.,* 77 F. Supp. 2d 485, 490 (S.D.N.Y. 1999) ("There can be no doubt that the violations were willful and committed for purposes of commercial advantage and private gain. Signals do not descramble spontaneously, nor do television sets connect themselves to cable distribution systems."); *Joe Hand Promotions, Inc. v. Benitez*, 2020 WL 5519200, at *6 (E.D.N.Y. Aug. 27, 2020) ("Willfulness can be established merely by the broadcast of an event without authorization."), *R&R adopted*, 2020 WL 5517240 (E.D.N.Y. Sept. 14, 2020).

As set forth herein*,* because of the absence of any way in which the defendants could have "innocently" accessed the broadcast of the Event, it is apparent that they specifically and willfully acted to illegally intercept the transmission of the Event for their own commercial advantage.

Because the defendants' actions were willful and committed for the direct or indirect commercial advantage or private financial gain, plaintiff is entitled to enhanced damages, at the Court's discretion, up to $100,000.00. § 605(e)(3)(C)(ii). Plaintiff seeks enhanced damages in the amount of $15,000.00, in line with previous damages awards in

3

this Court which would adequately compensate plaintiff for its damages, penalize defendants for their illegal conduct, and uphold the statutory intent of deterrence. *See G & G Closed Circuit Events, LLC v. Olmos*, 2020 WL 3474194, at *2 (N.D. Okla. May 8, 2020) (awarding enhanced damages to "sufficient[ly] punish the defendants for their illegal conduct and deter future violations of § 605"); *J & J Sports Prods., Inc. v. Spears*, 2018 WL 4702173, at *2 (W.D. Okla. Oct. 1, 2018) (awarding enhanced damages "to sufficiently punish Defendants for the illegal conduct and deter future violations"); *Kingvision Pay-Per-View, Ltd. v. Gutierrez*, 544 F. Supp. 2d 1179, 1185 (D. Colo. 2008) (Enhanced damages are awarded to "serve as a deterrent to future violations"); *see also J & J Sports Prods., Inc. v. Sugar Café Inc.*, 2018 WL 324266, at *2 (S.D.N.Y. Jan. 5, 2018) ("An award of enhanced damages ensures that a willful defendant's profits are disgorged and aims to deter similar acts of cable piracy in the future." (internal citations omitted)).

### III.    Individual Liability under Title 47 U.S.C. § 605

For an individual defendant to be held vicariously liable in a Communications Act case, plaintiff need only show that the defendant had the right and ability to supervise the infringing activity and a direct financial interest in the infringing activities. *See Joe Hand Promotions, Inc. v. The Playing Field, LLC*, 2021 WL 5494256, at *4 (D. Colo. Nov. 23, 2021); *J & J Sports Prods., Inc. v. Valdez*, 2018 WL 3589120, at *4 (N.D. Okla. May 29, 2018); *Joe Hand Promotions, Inc. v. Kay*, 2016 WL 9819535, at *6-9 (D.N.M. Aug. 3, 2016). A corporate officer "who has a financial interest in the company and the ability to

4

supervise or control an infringing activity will be held personally liable." *Editorial Musical Latino Americana, S.A. v. Mar Int'l Records, Inc.*, 829 F. Supp. 62, 66 (S.D.N.Y. 1993). "Even if Defendants were unaware of the Event being broadcast at their Establishment, personally had no intent to broadcast it, and realized no financial gain from it, Defendants are still vicariously liable for this willful violation of the statute." *Joe Hand Promotions, Inc. v. 152 Bronx, L.P.*, 11 F. Supp. 3d 747, 759 (S.D. Tex. 2014).

As the sole owner of the Establishment on the night of the Event, defendant Stacey L. Cook had the right and ability to supervise the infringing activity and a direct financial benefit from the infringing activities. Therefore, defendant Stacey L. Cook is vicariously liable for the unauthorized exhibition of the Event at the Establishment. *See Design Tex Grp., Inc. v. U.S. Vinyl Mfg. Corp.*, 2005 WL 2063819, at *4 (S.D.N.Y. 2005) (finding president and sole owner of small company vicariously liable for copyright infringement because it was "obvious" that he "had the ability to supervise the infringing activity"). Defendant Stacey L. Cook as owner of the Establishment had both the right and ability to supervise the infringing activities and a direct financial benefit from the infringing activities at the Establishment on the night of the Event and should be held individually liable.

## IV. Damages

Plaintiff is entitled to judgment against defendants holding them liable for a sum, in the discretion of the Court, of up to $110,000.00. Plaintiff seeks damages pursuant to the above cited statute recognizing that damages caused by the defendants are not easily

quantifiable but cause substantial loss of business for plaintiff. Additionally, such enhanced damages also serve to deter piracy in this state and nationwide. Furthermore, plaintiff respectfully requests that this Court award plaintiff attorneys' fees and costs from defendants pursuant to Title 47 U.S.C. § 605(e)(3)(B)(iii). In that regard, plaintiff requests damages as follows:

> Violation of Title 47 U.S.C. § 605(e)(3)(C)(i)(II) ………… $ 4,100.00
>
> Violation of Title 47 U.S.C. § 605(e)(3)(C)(ii) …………… $ 15,000.00
>
> Attorneys' Fees………………………………………….. $ 5,000.00
>
> Costs…………………………………………………….. $ 685.50
>
> _____
>
> **TOTAL** …………………………………………………… $ 24,785.50

## V. Conclusion

Plaintiff has shown that defendants willfully violated Communications Act statutes and that it is entitled to damages totaling $24,785.50. Defendants have not filed any memoranda in opposition, and it appears they have no arguments against entering the judgment sought by plaintiff.

6

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for judgment on the pleadings [Doc. 33] is GRANTED.

Dated this   8th   day of August, 2024.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE